IN THE CIRCUIT COURT FOR THE SIXTH
JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA

JESSICA STAUNCHES, ON
BEHALF OF HERSELF AND
THOSE SIMILARLY SITUATED,

                                        CASE NO.:

        Plaintiff,

vs.

CRIUS ENERGY MANAGEMENT,
LLC, A DELAWARE LIMITED
LIABILITY COMPANY,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESSICA STAUNCHES, on behalf of herself and those similarly situated, by and through the undersigned attorney, sues the Defendant, CRIUS ENERGY MANAGEMENT, LLC, a Delaware Limited Liability Company, and alleges:

1. Defendant, CRIUS ENERGY MANAGEMENT, LLC (hereinafter "Crius") employs or has employed numerous employees within the last three years as "customer care" employees at their call center locations in Florida and Connecticut. See http://www.criusenergy.com/join-us/careers-at-crius/default.aspx explaining the customer care position. These customer care employees are paid by the hour, classified as non-exempt, but, as explained in more detail below, are not paid in compliance with the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et al., as a result of Crius's practice of not including compensable break and rest

1

periods in the hours worked by Plaintiff and those similarly situated customer care employees, among other violations.   After being contacted by Plaintiff's Counsel, Defendant attempted to pay Plaintiff and other customer care employees some money for this blatant violation of the FLSA, but has failed to pay all damages owed under the FLSA and has failed to provide any accurate explanation whatsoever to its employees for payments received.

2.      Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"), on behalf of herself and all other customer care employees of Crius.

3.      This is an action that seeks damages in excess of $15,000.00, exclusive of attorneys' fees and costs.

## PARTIES

4.      Plaintiff has worked for Crius as a customer care employee since October 2012 at their Pinellas Park, Florida location.

5.      Plaintiff is paid by the hour and eligible for overtime compensation for overtime hours worked in a workweek period.

6.      The other similarly situated employees who will join this action are other customer care employees who were paid by the hour and also eligible for overtime compensation.

7.      Crius is "one of the largest independent energy retailers in the United States, providing electricity, natural gas and solar products to over 600,000 residential

and commercial customers." *See* http://www.criusenergy.com/about-crius/default.aspx

8.      Crius serves customers in 20 states and the District of Columbia. *See* http://www.criusenergy.com/about-crius/growing-footprint/default.aspx

9.      Defendant, CRIUS ENERGY MANAGEMENT, LLC, is a Delaware Corporation that operates and conducts business in, among other locations, Pinellas County, Florida and is therefore, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

10.      This action is brought under the FLSA to recover from Crius overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid customer care employee who worked for Defendant at any time within the past three (3) years.

11.      This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b) and the authority to grant declaratory relief pursuant to Fla. Stat. § 86.011.

12.      During Plaintiff's employment with Crius, Crius earned more than $500,000.00 per year in gross sales.

13.      During Plaintiff's employment with Crius, Crius employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

14.      Included in such goods, materials and supplies were computers, telephones, office equipment and supplies which originated from outside the state of Florida

15.      Therefore, Crius is an enterprise covered by the FLSA, and as defined by

3

29 U.S.C. §203(r) and 203(s).

16.    Additionally, Plaintiff was engaged in interstate commerce during her employment with Crius as a result of daily phone calls and e-mails which left the state of Florida, including speaking with customers and potential customers of Crius.

17.    All conditions precedent to the filing of this action have either been performed or waived.

## CRIUS'S FLSA VIOLATIONS

18.    At all times relevant to this action, Crius failed to comply with the FLSA by failing to Plaintiff and other similarly situated customer care employees complete overtime compensation for all overtime hours worked by them.

19.    Crius employs or has employed customer care employees at its Florida and Connecticut call centers within the last three (3) years.    *See* http://www.criusenergy.com/join-us/careers-at-crius/default.aspx

20.    These customer care employees, including Plaintiff, assist customers with questions or help in the customer's purchases for their energy needs.

21.    These customer care employees, including Plaintiff, are paid by the hour and classified as non-exempt employees under the FLSA.

22.    Here, Crius paid Plaintiff and its customer care employees for compensable rest breaks but does not include these hours worked as overtime hours for overtime compensation.    Attached as Exhibit A are two examples of Plaintiff's paystubs showing that Plaintiff was paid separately for compensable breaks but that these hours worked were not added to Plaintiff's total hours which would trigger

additional overtime compensation owed from Crius.

23.    Pursuant to 29 C.F.R. § 785.18, "[r]est periods of short duration, running from 5 minutes to about 20 minutes, are common in industry...[and] must be counted as hours worked."

24.    Here, Crius did not count these compensable rest breaks as hours worked for overtime purposes in violation of the FLSA for the last several years.

25.    Plaintiff complained to Defendant in November 2015 that its policies were incorrect, yet Defendant failed to correct the issue.

26.    Plaintiff hired the undersigned law firm who contacted Defendant via demand letter regarding these same issues on April 27, 2016.  Following this letter, counsel for Defendant and counsel for Plaintiff held substantive discussions regarding the merits of the matter, and counsel for Defendant was investigating and researching the issues to respond to Plaintiff's Counsel.

27.    However, before counsel for Defendant substantively responded to Plaintiff's Counsel, other than indicating the company was still reviewing, Plaintiff and other customer care employees received a surprise payroll check by direct deposit on June 3, 2016.

28.    At the call center in Florida, the employees were misled as to the intention of this surprise paycheck by being told it was a result of the company transitioning payroll companies and for breaks.

29.    At no time was it indicated that this surprise payroll check was meant to pay for violations of the FLSA, which it clearly is intended to be.

30.     However, the payments made by Defendant to Plaintiff and other customer care employees were incomplete and do not include all damages under the FLSA. Furthermore, no accounting was provided as to how these payments were calculated, what time period it included, and at what rate the payments were paid.

31.     It is clear that Defendant intended to mislead Plaintiff and the other customer care employees as to the true nature of Defendant's repeated FLSA violations and has tendered insufficient amounts in an attempt to forestall a collective action against it.

32.     Additionally, Plaintiff and the other customer care employees repeatedly worked during their lunch break without compensation from Crius.

33.     Crius's supervisors and managers were aware of this occurring on a frequent basis yet still did nothing to pay Plaintiff and the other customer care employees correctly.

34.     As a result of Crius's practice of not including the compensable rest breaks, or other compensable time such as work performed during lunch breaks or improper rounding, into the hours worked analysis for Plaintiff and all other customer care employees, Plaintiff and all customer care employees are entitled to additional overtime damages and related damages for such a practice.

35.     The additional persons who may become plaintiffs in this action are employees who held similar customer care positions to Plaintiff and who did not receive full and complete overtime compensation as described above.

36.     Upon information and belief, the records, to the extent any exist and are

accurate concerning the number of hours worked and amounts paid to Plaintiff and the similarly situated customer care employees are in the possession and custody of Crius.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

37.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

38.     Plaintiff and those similarly situated customer care employees are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

39.     During their employment with Crius, Plaintiff and those similarly situated customer care employees were not paid full and complete overtime compensation for all overtime hours worked as a result of Crius's practice/policy of not including all compensable time into Plaintiff and the customer care employees' hours worked for overtime compensation analysis.

40.     Crius did not have a good faith reason for its decision to not include such compensable break time into Plaintiff and other customer care employee's hours worked for overtime compensation analysis.

41.     As a result of Crius's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated customer care employees full and complete overtime compensation as described above, Plaintiff and those similarly situated customer care employees have suffered damages plus incurring reasonable attorneys' fees and costs.

42.     As a result of Crius's willful violation of the FLSA, Plaintiff and those similarly situated customer care employees are entitled to liquidated damages.

43.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JESSICA STAUNCHES, on behalf of herself and those similarly situated, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – DECLARATORY RELIEF

44.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

45.     Plaintiff and Crius have a pending dispute under the Fair Labor Standards Act, which the Court has jurisdiction to hear pursuant to 29 U.S.C. § 216(b).

46.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant Fla. Stat. § 86.011.

47.     Plaintiff may obtain declaratory relief.

48.     Crius employs Plaintiff and other similarly situated customer care employees.

49.     Crius failed to pay Plaintiff and other customer care employees full and complete overtime compensation for all hours worked.

50.     Crius failed to pay Plaintiff and all other customer care employees full

and complete overtime compensation as a result of not including compensable meal and break hours into the overtime hours worked analysis for overtime compensation.

51.    Plaintiff and other customer care employees are entitled to proper overtime pursuant to 29 U.S.C. § 207.

52.    Crius did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

53.    Crius did not rely upon a good faith defense in their decision to not pay Plaintiff and other customer care employees proper overtime compensation for compensable breaks worked.

54.    Plaintiff and the other customer care employees are entitled to an equal amount of liquidated damages.

55.    It is in the public interest to have these declarations of rights recorded as other employees are currently experiencing these same legal violations.

56.    Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

57.    The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

58.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JESSICA STAUNCHES, demands a declaration of rights finding that an employer-employee relationship existed, that Plaintiff worked over forty (40) hours in a workweek without receiving correct overtime pursuant to

the FLSA, that Defendant failed to keep accurate time records, that Defendant had a legal duty to pay Plaintiff and other customer care employees proper and full overtime compensation pursuant to the FLSA, that Defendant failed to prove a good faith defense to these violations, and that Plaintiff and those similarly situated customer care employees are entitled to proper overtime compensation, liquidated damages and reasonable attorneys' fees and costs pursuant to the FLSA.

Dated this 6th day of June, 2016.

/s/ C. Ryan Morgan
C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 425-8171
Email:      RMorgan@forthepeople.com
Attorneys for Plaintiff

**EXHIBIT "A"**

**PERSONAL AND CHECK INFORMATION**
JESSICA L STAUNCHES
2937 HUNTINGTON DR
LARGO, FL 33771

Soc Sec #: XXX-XX-XXXX    Employee ID: 16129
Hire Date: 10/03/12
**Status:** FT
**Filing Status:**
Federal: Single, 1
State: FL, Single, 0
**Br/Dept:** TAMPA/RETEN

Pay Period: 09/13/15 to 09/26/15
Check Date: 10/02/15    Check #: Direct Deposit

**TIME OFF** (Based On Policy Year)

| DESCRIPTION | UNITS | |
|---|---|---|
| SICK   - Available | -13.846 | HOURS |
| VACA 10 DA - Available | -36.692 | HOURS |
| COMMUNITY - Available | 4.000 | HOURS |
| FLOATING H - Available | 0.000 | HOURS |

**NET PAY ALLOCATIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| Check Amount | 0.00 | 702.94 |
| CHECKING 1 | 0.00 | 11292.09 |
| CHECKING NET - 2284 | 887.37 | 1711.51 |
| Net Pay | 887.37 | 13706.54 |

**EARNINGS**

| DESCRIPTION | HRS/ UNITS | RATE | CURRENT ($) | YTD HRS/ UNITS | YTD ($) |
|---|---|---|---|---|---|
| REGULAR EARNING | 78.75 | 12.5500 | 988.31 | 1087.50 | 13536.47 |
| OVERTIME EARNIN | 4.75 | 18.8250 | 89.42 | 24.25 | 450.98 |
| HOLIDAY | | | | 72.00 | 891.60 |
| SICK | | | | 40.00 | 498.13 |
| VACATION | | | | 89.00 | 1108.95 |
| BREAK | 3.75 | 12.5500 | 47.06 | 51.25 | 637.83 |
| FLOATING HOLIDA | | | | 16.00 | 196.80 |
| GTL | | | 0.03 | | 0.51 |
| 401K EE | | | -29.65 | | -486.97 |
| 401K MATCH 1  - M | | | 29.65 | | 486.97 |
| UNPAID SICK  - M | | | | 52.25 | |
| | | | | | |
| *HOURS WORKED* | 83.50 | | | 1111.75 | |
| *ADJ EARNINGS* | | | 1095.17 | | 16834.30 |
| *GROSS EARNINGS* | 87.25 | | 1124.82 | 1380.00 | 17321.27 |

**DEDUCTIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| CHILD SUPRT 1 | 11.54 | 196.53 |
| GTL (OUT) | 0.03 | 0.51 |
| | | |
| *TOTAL* | 11.57 | 197.04 |

**WITHHOLDINGS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| FEDERAL W/H | 110.18 | 1605.62 |
| OASDI | 69.74 | 1073.93 |
| MEDICARE | 16.31 | 251.17 |
| | | |
| *TOTAL* | 196.23 | 2930.72 |

| NET PAY | CURRENT ($) | YTD ($) |
|---|---|---|
| | 887.37 | 13706.54 |

*Payrolls by Paychex, Inc.*

**0414-J934** CRIUS ENERGY MANAGEMENT LLC ▪ 1055 WASHINGTON BLVD SUITE 700 ▪ STAMFORD, CT 06901 ▪

**PERSONAL AND CHECK INFORMATION**

JESSICA STAUNCHES
2937 HUNTINGTON DR
LARGO, FL 33771

Soc Sec #: XXX-XX-XXXX   Employee ID: 16129
Hire Date: 10/03/12
Status: FT
Filing Status:
Federal: Single, 1
State: FL, Single, 0
Br/Dept: TAMPA/RETEN

Pay Period: 10/25/15 to 11/07/15
Check Date: 11/13/15   Check #: Direct Deposit

**TIME OFF** *(Based On Policy Year)*

| DESCRIPTION | UNITS | |
|---|---|---|
| SICK - Available | -9.231 | HOURS |
| VACA 15 DA - Available | -61.078 | HOURS |
| COMMUNITY - Available | 4.000 | HOURS |
| FLOATING H - Available | 0.000 | HOURS |

**NET PAY ALLOCATIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| Check Amount | 0.00 | 702.94 |
| CHECKING 1 | 0.00 | 11292.09 |
| CHECKING NET - 2284 | 876.76 | 4359.72 |
| Net Pay | 876.76 | 16354.75 |

**EARNINGS**

| DESCRIPTION | HRS/ UNITS | RATE | CURRENT ($) | YTD HRS/ UNITS | YTD ($) |
|---|---|---|---|---|---|
| REGULAR EARNING | 79.75 | 12.5500 | 1000.86 | 1326.00 | 16529.65 |
| OVERTIME EARNIN | 4.50 | 18.8250 | 84.71 | 33.00 | 615.69 |
| COMMISSION | | | | | 100.00 |
| HOLIDAY | | | | 72.00 | 891.60 |
| SICK | | | | 40.00 | 498.13 |
| VACATION | | | | 89.00 | 1108.95 |
| BREAK | 2.75 | 12.5500 | 34.51 | 59.50 | 741.37 |
| FLOATING HOLIDA | | | | 16.00 | 196.80 |
| GTL | | | 0.03 | | 0.60 |
| 401K EE | | | -31.06 | | -577.80 |
| 401K MATCH 1 - M | | | 31.06 | | 577.80 |
| UNPAID SICK - M | 1.50 | | | 55.75 | |
| | | | | | |
| *HOURS WORKED* | 84.25 | | | 1359.00 | |
| *ADJ EARNINGS* | | | 1089.05 | | 20104.99 |
| *GROSS EARNINGS* | 87.00 | | 1120.11 | 1635.50 | 20682.79 |

**DEDUCTIONS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| CHILD SUPRT 1 | 17.30 | 248.43 |
| GTL (OUT) | 0.03 | 0.60 |
| *TOTAL* | 17.33 | 249.03 |

**WITHHOLDINGS**

| DESCRIPTION | CURRENT ($) | YTD ($) |
|---|---|---|
| FEDERAL W/H | 109.27 | 1918.95 |
| OASDI | 69.45 | 1282.35 |
| MEDICARE | 16.24 | 299.91 |
| *TOTAL* | 194.96 | 3501.21 |

| **NET PAY** | CURRENT ($) | YTD ($) |
|---|---|---|
| | 876.76 | 16354.75 |

*Payrolls by Paychex, Inc.*

**0414-J934** CRIUS ENERGY MANAGEMENT LLC ▪ 1055 WASHINGTON BLVD SUITE 700 ▪ STAMFORD, CT 06901 ▪